UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMAINE BROWN,

        Plaintiff,

        v.                                     Case No. 24-cv-0660-bhl

LT. FISHER,
CAPTAIN REMARKIWITCZ,
WARDEN HEPP,
B. HOMPE, and
JANE DOE NURSE,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jamaine Brown, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $6.58. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Brown, in October 2023 he was placed in the restrictive housing unit. Brown explains that the water in the cell was turned off because the inmate who had been housed in the cell before him kept flooding the cell. Brown asserts that he "notified all the proper authorities of the problem [but] no [one] responded to his complaint." Brown explains that, later, Lt. Fisher had a conversation with Brown and informed Brown that he did not know there was a problem with the water. Fisher then moved Brown to a new cell with running water. Brown asserts that he had been without water for several days. Dkt. No. 1 at 3.

Brown also asserts that he had written to health services about having no water, but no one responded until about a week later. Brown explains that because there was no running water in his cell, his toilet filled with human waste and the smell gave him horrible headaches. According to Brown, he tried to notify Captain Remarkiwitcz that he had no water and his toilet was not working, but he never responded. Brown asserts that he was severely dehydrated, suffered terrible headaches and cramping, and fell unconscious at one point. Dkt. No. 1 at 4-5.

## THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id*. (citations omitted). With this standard in mind, the

Court will allow Brown to proceed on a conditions of confinement claim against Remarkiwitcz and the Jane Doe Nurse to whom he complained about not having running water in his cell. According to Brown, despite the seriousness of this condition, neither of them timely responded to his concerns, leaving him without water for several days, which caused him significant injury. After Remarkiwitcz has an opportunity to respond to Brown's complaint and after the Court enters a scheduling order, Brown may use discovery to learn the name of the Jane Doe Nurse.

Brown does not, however, state a claim against Fisher. According to Brown, once Fisher learned of the problem, he moved Brown to a cell with running water. This response undercuts any suggestions that Fisher was deliberately indifferent to the conditions in which Brown was housed. Brown also does not state a claim against Warden Hepp, or B. Hompe. It is not clear from Brown's allegations that either of them knew that Brown did not have running water. Brown alleges only that he wrote to "the proper authorities," but he does not specify to whom he wrote, when he wrote to them, or what he said to them. Brown's allegations are therefore too vague to state a claim against Hepp and Hompe, who are listed in the caption of the complaint but who are not mentioned in the body of the complaint. To the extent Brown sues them because they are supervisors, the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Brown fails to state a claim against Lt. Fisher, Warden Hepp, and B. Hompe, so the clerk's office may terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Brown's complaint and this order

are being electronically sent today to the Wisconsin Department of Justice for service on Captain Remarkiwitcz.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Captain Remarkiwitcz shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Brown is located.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $343.42 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on July 15, 2024.

s/ <i>Brett H. Ludwig</i><br>
BRETT H. LUDWIG<br>
United States District Judge