UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMAINE BROWN,

                Plaintiff,

v.                                                    Case No. 24-cv-0660-bhl

ROBERT RYMARKIEWICZ,

                Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Jamaine Brown, who is representing himself, filed a complaint under 42 U.S.C. §1983. On July 15, 2024, the Court allowed Brown to proceed on conditions-of-confinement claims against Defendant Robert Rymarkiewicz and a Jane Doe nurse based on allegations that, for several days, they ignored Brown's complaints that his cell did not have running water. Dkt. No. 7. On January 13, 2025, the Court dismissed Brown's claim against the Jane Doe nurse because he failed to timely identify her. Dkt. No. 15. On February 4, 2025, at Brown's request, the Court extended the discovery deadline to April 7, 2025, and the dispositive motion deadline to May 7, 2025. Nearly a month after discovery closed, on May 2, 2025, Brown filed a motion to compel. A few days later, he filed a motion to stay discovery and a motion for leave to file an amended complaint. On May 7, 2025, Rymarkiewicz moved for summary judgment. For the reasons explained below, the Court will deny Brown's motions and will, consistent with Civil L. R. 56(b), allow him thirty days to respond to Rymarkiewicz's summary judgment motion.

      Brown's motion to stay discovery is moot because discovery is already closed. His motion to compel and his motion for leave to file an amended complaint fail because they are both procedurally deficient. With regard to his motion to compel, Civil L. R. 37 requires that such

motions include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss its dispute with the opposing party's lawyer. And, if they cannot work out the dispute and a party files a motion to compel, the moving party must include a certification in his motion that he first tried to work it out with the opposing party's lawyer. Brown's motion does not include the required certification, suggesting that he asked the Court to get involved before attempting to informally resolve his dispute with opposing counsel.

With regard to Brown's motion for leave to file an amended complaint, Civil L. R. 15 requires that any such motion state specifically what changes are sought by the proposed amendments and that the proposed amended complaint "be filed as an attachment to the motion to amend." Although Brown vaguely references a desire to sue a John Doe sergeant, he does not explain the factual basis for a claim against the John Doe sergeant, nor does he attach the proposed amended complaint to his motion. Accordingly, Brown's motions to compel and for leave to file an amended complaint must be denied because they do not comply with the local rules.

But, even putting procedural deficiencies to the side, Brown's motions must be denied because he has not shown good cause for granting the relief he requests. In his complaint, Brown alleged that he "notified all the proper authorities of the problem" and that he immediately notified Rymarkiewicz that his toilet and water were not working. According to Brown, no one responded. In the screening order, the Court concluded that Brown stated a conditions-of-confinement claim against Rymarkiewicz but that his allegation that he wrote to "the proper authorities" was too vague to state a claim because Brown did not specify to whom he wrote, when he wrote to them, or what he said to them. Dkt. No. 7.

2

In his motion for leave to file an amended complaint, which Brown filed ten months after the Court screened the complaint, Brown explains that Rymarkiewicz responded to his discovery requests and explained that he was on extended leave during the time Brown was housed without water. In other words, Brown learned that Rymarkiewicz's failure to respond to his complaints about not having running water was not because Rymarkiewicz was deliberately indifferent to the conditions of Brown's confinement but because Rymarkiewicz was on extended leave and did not receive Brown's complaints until after the issue had already been resolved. Dkt. No. 19.

Apparently conceding that Rymarkiewicz cannot have been deliberately indifferent to a problem he did not know about, Brown now seeks leave to amend his complaint to state a claim against an unknown sergeant. But Brown's request comes too late. As noted, discovery closed about a month ago, and Rymarkiewicz has moved for summary judgment. Despite the Court notifying Brown ten months ago that his allegation that he informed "the proper authorities" was too vague to state a claim, Brown made no effort to seek leave to file an amended complaint with additional factual information. The mere fact that he has learned information that undermines his claim against Rymarkiewicz does not excuse his failure to diligently pursue claims against other individuals nor does it justify delaying resolution of this case. Accordingly, for all the reasons discussed, the Court will deny Brown's motions to compel, to stay discovery, and for leave to file an amended complaint.

Although Brown appears to concede that there is no merit to his claim that Rymarkiewicz was deliberately indifferent to the conditions of his confinement, the Court will allow him until **June 6, 2025**. *See* Civil L. R. 56(b)(2). In responding to Rymarkiewicz's summary judgment motion, Brown must respond to each of the proposed facts by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. Brown must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on admissible

3

documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1]  An unsworn declaration is a way for a party to tell his side of the story while declaring to the Court that everything in the declaration is true and correct.

Brown does not satisfy his obligations by simply filing a declaration with his version of the facts.  Civil L. R. 56(b)(2)(B) requires Brown to respond to *each* proposed fact.  If Brown does not respond to a proposed fact, the Court will assume that Brown does not dispute the proposed fact and will accept the proposed fact as true, regardless of contrary statements in a declaration. *See* Civil L. R. 56(b)(4).  Brown must also respond to the legal arguments in Rymarkiewicz's brief.

If Brown fails to respond to the summary judgment motion by the deadline, the Court will accept all facts asserted by Rymarkiewicz as undisputed, which will likely result in summary judgment being granted in Rymarkiewicz's favor and the case being dismissed.  Further, the Court reminds Brown that, under Civil L. R. 56(b)(9), failure to comply with the requirements of Civil L. R. 56 may result in sanctions up to and including the Court granting Defendants' summary judgment motion.

If Brown believes he needs additional time to prepare his response materials, he may file a motion asking the Court to extend the deadline, but he must do so *before* his response materials are due.  If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that, if by **June 6, 2025**, Brown does not respond to Rymarkiewicz's summary judgment motion or does not request additional time to do so, the Court

---

[1] At the bottom of his declaration, he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

4

will accept all facts asserted by Rymarkiewicz as undisputed and may grant the motion as a sanction for noncompliance with this order and the local rules.

Dated at Milwaukee, Wisconsin on May 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge