UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMAINE BROWN,

                Plaintiff,

v.                                                        Case No. 24-cv-0660-bhl

ROBERT RYMARKIEWICZ,

                Defendant.

## DECISION AND ORDER

      Plaintiff Jamaine Brown, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on an Eighth Amendment conditions-of-confinement claim against Defendant Robert Rymarkiewicz, whom Brown alleges was responsible for a lack of running water in Brown's cell. Rymarkiewicz filed a motion for summary judgment on May 7, 2025. Dkt. No. 20. In a notice and order, the Court reminded Brown that under Civil L. R. 56(b)(2) his response materials were due June 6, 2025. Dkt. No. 27. The Court warned Brown that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Rymarkiewicz as undisputed, which would likely result in summary judgment being granted in Rymarkiewicz's favor and the case being dismissed. At Brown's request, the Court extended his deadline to respond to July 7, 2025. Dkt. No. 29. The extended deadline has passed, and Brown has not responded to the motion.

      The Court has reviewed Rymarkiewicz's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that he is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Rymarkiewicz and deemed true as a result of Brown's failure to respond, the Court finds that Rymarkiewicz was on extended

medical leave during the time Brown contends he was confined in the cell without running water and, Rymarkiewicz had no knowledge of or responsibility for Brown's cell assignment. Accordingly, no jury could reasonably conclude that Rymarkiewicz was deliberately indifferent to the conditions in which Brown was confined. *See Riccardo v. Rausch*, 375 F.3d 521, 525-56 (7th Cir. 2004) (holding that an official who is not "aware of the facts" underlying a claim does not act with deliberate indifference) (citations omitted).

**IT IS THEREFORE ORDERED** that Defendant Robert Rymarkiewicz's motion for summary judgment (Dkt. No. 20) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.